IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADOLPH FRANKLIN, JR., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3571 |
| | § | |
| VERNON PITTMAN, ET AL., | § | |
| | § | |
| *Defendants.* | § | |

## ORDER OF DISMISSAL

Plaintiff, a state inmate proceeding *pro se*, files this section 1983 complaint asserting that prison officer R.E. Garrett used excess force against him, causing him neck, face, and jaw pain.  He complains that other officers did nothing to stop the assault, and that a disciplinary hearing officer unfairly found him guilty of a disciplinary infraction for assaulting Garrett.  Plaintiff requests $5 million in compensatory damages.

### *Analysis*

The Court's records reveal that plaintiff filed a section 2254 habeas petition seeking to set aside the disciplinary conviction he received for assaulting officer R.E. Garrett in the events made the basis of this lawsuit.  *Franklin v. Thaler*, C.A. No. H-09-cv-2433 (S.D. Tex.).  The petition remains pending.  A state prisoner's claim for damages is not cognizable under section 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.  *Heck v. Humphrey*, 512 U.S. 477,

487 (1994).  The *Heck* doctrine applies to a state inmate's section 1983 claim for damages and declaratory relief which challenges the validity of a prison disciplinary conviction. *Edwards v. Balisok*, 520 U.S. 641 (1997).  A judgment in favor of plaintiff in the instant case would necessarily imply the invalidity of his disciplinary conviction for assaulting Garrett. This civil rights lawsuit seeking monetary compensation is barred under *Balisok* until and unless plaintiff's underlying disciplinary conviction is set aside or otherwise invalidated. Accordingly, it must be dismissed with prejudice for failure to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

### Conclusion

This case is DISMISSED for failure to state a claim.  Plaintiff's application to proceed *in forma pauperis* (Docket Entry No. 2) is GRANTED.  All other motions are DENIED AS MOOT.

The Clerk will provide a copy of this Order to the parties, to the TDCJ Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Inmate Three-Strike List Manager.

Signed at Houston, Texas, on November 17, 2009.

Gray H. Miller
United States District Judge

2